David A. Koenigsberg (DK 7553)
Menz Bonner & Komar LLP
Two Grand Central Tower
140 East 45th Street, 20th Floor
New York, New York 10017-7115
Tel.: (212) 223-2100
*Attorneys for [Under Seal]*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

UNITED STATES OF AMERICA and STATE OF :
NEW YORK, *ex rel.* [UNDER SEAL],

                           Plainitffs,      :

          -against-

[UNDER SEAL]

                   Defendants.  :
-----------------------------------------------------------------x

**COMPLAINT**

NOV 12 2008

**FILED IN CAMERA AND UNDER SEAL**
**Pursuant to 31 U.S.C. § 3730(b)(2)**

David A. Koenigsberg (DK 7553)
Menz Bonner & Komar LLP
Two Grand Central Tower
140 East 45th Street, 20th Floor
New York, New York 10017-7115
Tel.: (212) 223-2100
*Attorneys for Relator Lois Dorman*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA and STATE OF :
NEW YORK, *ex rel.* LOIS DORMAN,

:

Plainitffs,

:

-against-

:

ST. LUKE'S-ROOSEVELT HOSPITAL CENTER,
CONTINUUM HEALTH PARTNERS, INC., SLR :
PSYCHIATRIC ASSOCIATES, RICHARD N.
ROSENTHAL, M.D., PH.D. and DAVID WYMAN, :

Defendants.          :
------------------------------------------------------------------x

**FILED UNDER SEAL**
**Pursuant to 31 U.S.C.**
**§ 3730(b)(2) and**
**N.Y. Finance Law § 190(2)(b)**

**COMPLAINT**

**JURY TRIAL DEMANDED**

## Introduction

Relator-Plaintiff Lois Dorman ("Relator"), through her attorneys, Menz Bonner &

Komar LLP, makes this Complaint and Demand for Jury Trial under seal, against St. Luke's-

Roosevelt Hospital Center, Continuum Health Partners, Inc. (collectively the "Hospital"), SLR

Psychiatric Associates, Richard N. Rosenthal, M.D. and David Wyman. Relator alleges, based

upon personal knowledge, relevant documents and information and belief, as follows:

## I. NATURE OF ACTION

1.     Relator brings this action on behalf of the United States against

Defendants for treble damages and civil penalties arising from the Defendants' violations of the

Federal Civil False Claims Act, Title 31, United States Code, Section §§ 3729-3732 (the "False

Claims Act" or "FCA"), and on behalf of the State of New York for treble damages and civil penalties arising from the Defendants' violations of the New York False Claims Act, N.Y. Finance Law §§ 187-194 (the "NY FCA").

2.    In connection with the provision of psychiatric services to patients at the Hospital and the application for and receipt of Medicare and Medicaid funds from the United States and the State of New York, Defendants (a) knowingly presented, and caused to be presented, to an officer or employee of the United States Government (the "USA") and/or to an officer or agent of New York State (the "State") false and fraudulent claims for payment and approval; (b) knowingly made, used, and caused to be made and used, false records and statements to get false and fraudulent claims paid and approved by the USA and the State; and (c) conspired to defraud the USA and the State by getting false and fraudulent claims allowed or paid, all in violation of 31 U.S.C. §§ 3729(a)(1), (2) & (3) and N.Y. State Finance Law §§ 189(1)(a), (b) & (c).

3.    More specifically, this action arises from Defendants' efforts to obtain Medicaid and Medicare funds through false and fraudulent claims and statements to various Federal and State government agencies receiving federal and state funds. Such false and fraudulent claims and statements concern, among other things:

(a)    Double billing for medical services provided by Hospital employees to inpatient and outpatient psychiatric and mental health patients. The Hospital has obtained reimbursement from Medicaid and Medicare by including the costs of compensation for salaried health care employees, including psychiatrists, psychologists, nurses and social workers, in the Hospital's cost reports submitted to Medicare and Medicaid. The Hospital, by its faculty practice group, SLR Psychiatric Associates, separately bills Medicare and Medicaid for the

- 2 -

professional services rendered to the same patients for the same dates of treatment. In this way, Defendants are getting paid twice by Medicare and Medicaid for the individual services they provided.

(b)     The Defendants provided certain psychiatric services in clinics funded by grants and contracts awarded by New York Medicaid but also billed for the professional services rendered in those programs through SLR Psychiatric Associates.

(c)     The Hospital submits false claims for care provided to psychiatric inpatients and outpatients by billing for services provided by multiple health care providers under a single doctor's name and identification, when the billing provider either did not treat the patient or did not supervise the patient's treatment.

## II. JURISDICTION

4.     This Court has subject matter jurisdiction over the claims alleged in this Complaint under 28 U.S.C. § 1331 (Federal question), § 1345 (United States as plaintiff) and 31 U.S.C. § 3732(a) (False Claims Act). This Court has supplemental jurisdiction over the claims asserted under state law pursuant to 28 U.S.C. § 1367(a) and 31 U.S.C. § 3732(b).

5.     This Court has personal jurisdiction over the Defendants named in the Complaint pursuant to 31 U.S.C. § 3732(a), because at least one of the Defendants can be found, resides, and transacts business in the Southern District of New York and because an act proscribed by 31 U.S.C. § 3729 occurred within this District. Section 3732(a) further provides for nationwide service of process.

6.     This action is not jurisdictionally precluded by the public disclosure bars of either the Federal False Claims Act, 31 U.S.C. § 3730(e)(4) and the New York False Claims Act, N.Y. State Finance Law § 190(9)(b). Upon information and belief, there has been no

- 3 -

"public disclosure" of the matters alleged herein and this action is not "based upon" any such disclosure. Notwithstanding the foregoing, Relator, through her employment by St. Luke's-Roosevelt Hospital Center and her interactions with various employees of the Defendants and other persons, has "direct and independent knowledge" of the instant allegations. Additionally, Relator has "voluntarily provided," and offered to provide, this information to the USA and the State before the filing of this complaint. Therefore, to the extent any of these allegations is deemed to have been based upon a public disclosure, Relator is an "original source" of this information within the meaning of the Federal False Claims Act and the New York False Claims Act, and is expressly excepted from their public disclosure bar.

### III.    VENUE

7.    Venue is proper in the Southern District of New York, under 28 U.S.C. §§ 1391(b) and (c), and 31 U.S.C. § 3732(a), because (a) the Defendants reside in this District, (b) a substantial part of the events or omissions giving rise to the violations of 31 U.S.C. § 3729 alleged in the Complaint occurred in this District, and (c) because at least one of the Defendants can be found and transacts business within this District.

### IV.    PARTIES

8.    The United States and the State are the real parties in interest plaintiffs in this action. The United States provides 100% of the funding for the Medicare program. The Untied States provides no less than 50% of the funding for the New York Medicaid program. The State provides 50% of the funding for the Medicaid program in New York State.

9.    Relator Lois Dorman is a resident of New York State. She has been an employee of St. Luke's-Roosevelt Hospital Center in the Department of Psychiatry and

- 4 -

Behavioral Health Sciences (the "Psychiatry Department") since 1993 and currently is the

Program Manager for the Psychiatry Department.

10. St. Luke's-Roosevelt Hospital Center is a New York State licensed

hospital located at 1111 Amsterdam Avenue and 1000 Tenth Avenue, New York, New York.

11. Continuum Health Partners, Inc., is a New York Not-For-Profit

Corporation that is the corporate owner of St. Luke's-Roosevelt Hospital Center.

12. SLR Psychiatric Associates is an unincorporated entity within the

Psychiatry Department of St. Luke's-Roosevelt Hospital Center.

13. Richard N. Rosenthal, M.D., is the Chairman of the Psychiatry

Department at St. Luke's-Roosevelt Hospital Center.

14. David Wyman is the Administrative Director of the Department of

Psychiatry and Assistant Vice President of St. Luke's-Roosevelt Hospital Center.

## V. THE FALSE CLAIMS ACTS

15. The Federal False Claims Act provides, in pertinent part, that:

(a) Any person who . . . (1) knowingly presents, or causes to be
presented, to an officer or employee of the United States
Government . . . false or fraudulent claim for payment or approval;
(2) knowingly makes, uses, or causes to be made or used, a false
record or statement to get a false or fraudulent claim paid or
approved by the Government; [or] (3) conspires to defraud the
Government by getting a false or fraudulent claim allowed or paid;

\*\*\*

is liable to the United States Government for a civil penalty of not
less than $5,000 and not more than $10,000, plus 3 times the
amount of damages which the Government sustains because of the
act of that person . . . .

(b) For purposes of this section, the terms "knowing" and
"knowingly" mean that a person, with respect to information . . .
(1) has actual knowledge of the information; (2) acts in deliberate

- 5 -

ignorance of the truth or falsity of the information; or (3) acts in
reckless disregard of the truth or falsity of the information, and no
proof of specific intent to defraud is required.

(c) For purposes of this section, "claim" includes any request or
demand, whether under a contract or otherwise, for money or
property which is made to a contractor, grantee or other recipient if
the United States Government provides any portion of the money
or property which is requested or demanded, or if the Government
will reimburse such contractor, grantee, or other recipient for any
portion of the money or property which is requested or demanded.
(31 U.S.C. § 3729).

16.    The New York False Claims Act provides in pertinent part as follows:

1.    "Claim" means any request or demand . . . for money or
property which is made to any employee, officer or agent of the
state or a local government . . . if the state or a local government
provides any portion of the money or property which is requested or
demanded . . . .
2.    "False claim" means any claim which is, either in whole or
party false or fraudulent.
3.    "Knowing and knowingly" menas that with respect to a
claim, or information relating to a claim, a person: (a) has actual
knowledge or such claim or information; (b) acts in deliberate
ignorance of the truth or falsity or such claim or information; or (c)
acts in reckless disregard of the truth or falsity or such claim or
information.  Proof of specific intent to defraud is not required,
provided, however, that acts occurring by mistake or as a result of
mere negligence are not covered . . . .
(N.Y. State Finance Law § 188(1), (2) & (3)).

(a) Any person who . . . (1) knowingly presents, or causes to be
presented, to an officer or employee or agent of the state or a local
government . . . false or fraudulent claim for payment or approval;
(2) knowingly makes, uses, or causes to be made or used, a false
record or statement to get a false or fraudulent claim paid or
approved by the state or a local government; [or] (3) conspires to
defraud the state or a local government by getting a false or
fraudulent claim allowed or paid;

- 6 -

***

shall be liable (i) to the state for a civil penalty of not less than six
thousand dollars and not more than twelve thousand dollars, plus
three times the amount of damages which the Government sustains
because of the act of that person . . . .
(N.Y. State Finance Law § 189(1)(a), (b),(c), (i) & (ii)).

## VI. DEFENDANTS' FRAUDULENT SCHEMES

### A. DOUBLE BILLING FOR PROFESSIONAL SERVICES

17.     The St. Luke's-Roosevelt Hospital Center's Department of Psychiatry and

Behavioral Health (the "Psychiatry Department") is staffed by psychiatrists, psychologists, social

workers, therapists and nurses, all salaried hospital employees working at either or both the St.

Luke's or Roosevelt locations. The professional employees provide psychiatric services

throughout the hospital's many clinics and services.

18.     The Psychiatry Department (whose hospital programs are licensed by the

New York State Office of Mental Health and the Office of Alcoholism and Substance Abuse

Services) has a faculty practice group, known as SLR Psychiatry Associates which is responsible

for, among other things, handling billings to Medicare, Medicaid, and private insurance for the

health care services provided by the department's employees.

19.     The Hospital provides both inpatient and outpatient psychiatric services.

Those services are provided by salaried physicians, psychiatrists, psychologists, nurses,

therapists and social workers. Upon information and belief, the hospital's costs for those salaries

are included in the hospital's cost reports that form the basis for reimbursement for health care

services by both the Medicare and Medicaid programs. Thus, when a patient is treated in one of

the Hospital's mental health and/or substance abuse clinics, the Hospital bills for those services

directly and the cost of the salaries for the employees are included in the hospital's cost reports

- 7 -

for determining reimbursement under Medicare and Medicaid. These bills are generated by the Hospital's Eagle Billing System under the Hospital's Taxpayer Identification Number ("TIN"), 13-2997301.

20.     The professionals within the Psychiatry Department, in addition to their hospital clinic duties, are also permitted to see patients on a private, non-hospital basis, either at their own offices or in hospital based offices. When they treat these private patients, the Psychiatry Department, through SLR Psychiatric Associates, bills for and collects payment for those services. For each service rendered to a private patient, SLR Psychiatric Associates pays a portion of the collected revenues to the treating physician and the balance is kept by the Psychiatry Department. When SLR Psychiatric Associates bills for these services, it uses TIN 13-3783596 which is different than the one used by the Hospital when it bills for services rendered to hospital patients, both inpatient and outpatient.

21.     When a member of the Psychiatry Department renders services to the hospital patients either on an inpatient or outpatient basis, the department, through SLR Psychiatric Associates, separately bills the professional component of that care to Medicare and Medicaid for the services rendered even though the Hospital has already billed for those services at a rate based upon cost reports that included the salaries for those doctors, nurse practitioners and psychologists. The Psychiatry Department generates the bills under its Advanced Data [Billing] System ("ADS") by inputting data from the patient records which formed the basis of the claims for payment submitted by the Hospital under the Eagle Billing System and, upon information and belief, included in its cost reports. When the ADS generated bills are submitted, SLR Psychiatric Associates uses the same TIN it uses when it bills for the non-hospital private

- 8 -

patients that are seen by the Psychiatry Department members on their own time. The Hospital's TIN is not used for these bills.

22.     When SLR Psychiatric Associates submits claims for services rendered to hospital patients, those claims are for the same patients, dates of service, and providers that are also billed by the hospital under the hospital's TIN. Thus, since 1998, if not earlier, SLR Psychiatric Associates has submitted and continues to submit claims for reimbursement to various government health insurance programs twice for the same services. Such duplicate claims are being submitted to Medicare and Medicaid.

23.     The Hospital receives grants and contracts from various sources to provide mental health and substance abuse services to patients at clinics and programs at the Hospital, including but not limited to contracts issued by the New York State Office of Mental Health and the New York State Office of Alcoholism and Substance Abuse Services. Services under these grants and contracts are provided by salaried staff physicians. Notwithstanding that the grants and/or contract funding covers a portion of the costs incurred by the hospital to perform the contract and the Hospital bills Medicaid for the services, SLR Psychiatric Associates also separately bills Medicaid and Medicare for the professional services rendered in connection with such grants and contracts. For example, for many years the Hospital had a contract with New York State under the Comprehensive Psychiatric Emergency Program that was state funded. Although the physician salaries were covered by both the contract and the Hospital's Medicaid billing for the services, SLR Psychiatric Associates has also separately billed Medicare and Medicaid for the physician services rendered to patients in connection with these contracts.

- 9 -

## B.   BILLING UNDER THE NAMES OF NON-TREATING PROVIDERS

24.    In addition to the double billing, the Hospital often submits claims for

payment under the name of only one attending physician, even though the services rendered may

have been performed by or under the supervision of a different physician, psychologist, nurse

practitioner or social worker.

### FIRST CAUSE OF ACTION
### (31 U.S.C. §§ 3729(a)(1), (2) & (3))
### (All Defendants)

25.    Relator incorporates by reference paragraphs 1 through 24 of this

Complaint, as if fully set forth herein.

26.    Defendants, by submitting duplicate claims by each of the Hospital and

SLR Psychiatric Associates for reimbursement for services rendered to Hospital patients for the

same patients, services and dates of payment, have engaged in a continuous practice of: (a)

knowingly presenting, and causing to be presented, to an officer and employee of the United

States Government, false and fraudulent claims for payment and approval; (b) knowingly

making, using, and causing to be made and used, false records and statements to get false and

fraudulent claims paid and approved by the United States Government; and (c) conspiring to

defraud the United States Government by getting false and fraudulent claims allowed or paid.

All in violation of 31 U.S.C. §§ 3729(a)(1), (2) and (3).

27.    The United States Government funds the Medicare program and

contributes funds to the New York Medicaid program which funds were in turn paid to the

Hospital in connection with the claims by the Hospital and SLR Psychiatric Associates for

Medicaid payments for the treatment of both inpatient and outpatient patients at the Hospital. As

a result of this false and fraudulent conduct the United States Government was damaged.

- 10 -

### SECOND CAUSE OF ACTION
### (31 U.S.C. §§ 3729(a)(1), (2) & (3))
### (St. Luke's Roosevelt Hospital Center and
### Continuum Health Partners, Inc.)

28.     Relator incorporates by reference paragraphs 1 through 27 of this

Complaint, as if fully set forth herein.

29.     The Hospital, in connection with the submission of claims for

reimbursement to the Medicare and New York Medicaid program made or caused to be made

false statements of the identity of the treating health care provider by submitting claims for

payment under the name of a physician who did not provide or did not supervise the services

rendered (a) knowingly presented, and caused to be presented, to an officer and employee of the

United States Government, false and fraudulent claims for payment and approval; (b) knowingly

made, used, and caused to be made and used, false records and statements to get false and

fraudulent claims paid and approved by the United Stats Government; and (c) conspired to

defraud the Government by getting false and fraudulent claims allowed or paid, in that they

caused the Hospital to submit false claims to the Medicare and New York Medicaid programs.

All in violation of 31 U.S.C. §§ 3729(a)(1), (2) and (3).

30.     The United States, as a result of its funding of the Medicare program and

its contributions to the New York Medicaid program made payment upon the foregoing false,

fictitious, or fraudulent claim and was therefore damaged.

### THIRD CAUSE OF ACTION
### (N.Y. State Finance Law §§ 189(1)(a), (b) & (c))
### (All Defendants)

31.     Relator incorporates by reference paragraphs 1 through 30 of this

Complaint, as if fully set forth herein.

- 11 -

32. Defendants, by submitting duplicate claims by both the Hospital and SLR Psychiatric Associates for reimbursement for services rendered to Hospital patients for the same patients, services and dates of payment, have engaged in a continuous practice of: (a) knowingly presenting, and causing to be presented, to an officer and/or agent of New York State, false and fraudulent claims for payment and approval; (b) knowingly making, using, and causing to be made and used, false records and statements to get false and fraudulent claims paid and approved by New York State; and (c) conspiring to defraud New York State by getting false and fraudulent claims allowed or paid. All in violation of N.Y. State Finance Law §§ 189(1)(a), (b) & (c).

33. New York State contributes funds to the New York Medicaid program which were in turn paid to the Hospital in connection with their claims for Medicaid payments for the treatment of Hospital patients. As a result of this false and fraudulent conduct New York State was damaged.

**FOURTH CAUSE OF ACTION**
**(N.Y. State Finance Law §§ 189(1)(a), (b) & (c))**
**(St. Luke's Roosevelt Hospital Center and**
**Continuum Health Partners, Inc.)**

34. Relator incorporates by reference paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

35. The Hospital, in connection with the submission of claims for reimbursement to the Medicare and New York Medicaid program made or caused to be made false statements of the identity of the treating health care provider by submitting claims for payment under the name of a physician who did not provide or did not supervise the services rendered: (a) knowingly presented, and caused to be presented, to an officer and/or agent of New York State, false and fraudulent claims for payment and approval; (b) knowingly made,

- 12 -

used, and caused to be made and used, false records and statements to get false and fraudulent claims paid and approved by New York State; and (c) conspired to defraud New York State by getting false and fraudulent claims allowed or paid. All in violation of N.Y. State Finance Law §§ 189(1)(a), (b) & (c).

36.    New York State, as a result of its contributions to the New York Medicaid program, made payment upon the foregoing false, fictitious, or fraudulent claims and was therefore damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Relator, on behalf of herself individually, and acting on behalf, and in the name, of the Government of the United States and of New York State, respectively, demands and prays that judgment be entered against the Defendants as follows:

1.    That the Defendants shall be ordered to cease and desist from violating the False Claims Act, 31 U.S.C. §§ 3729-3732 and the New York False Claims Act, N.Y. State Finance Law §§ 189-194.

2.    On the First and Second Causes of Action under the False Claims Act, judgment shall be entered against Defendants in the amount of three times the amount of damages the United States has sustained because of Defendants' actions, plus a civil penalty of $11,000.00 for each act in violation of the False Claims Act, as provided by Section 3729(a), with interest.

3.    That Relator shall be awarded the maximum amount available under Section 3730(d) of the False Claims Act for bringing this action, namely, 25 percent of the proceeds of the action or settlement of the claim if the Government intervenes in the matter (or pursues its claim through any alternate remedy available to the Government, Section 3730(c)(5)),

- 13 -

or, alternatively, 30 percent of the proceeds of the action or settlement of the claim, if the Government declines to intervene.

4. On the Third and Fourth Causes of Action under the New York False Claims Act, judgment shall be entered against the Defendants in the amount of three times the amount of damages New York State has sustained because of Defendants' actions, plus a civil penalty of $12,000.00 for each act in violation of the New York False Claims Act, as provided by N.Y. State Finance Law § 189(1)(i) & (ii), with interest.

5. That Relator shall be awarded the maximum amount available under Section 190(6) of the New York False Claims Act for bringing this action, namely, 25 percent of the proceeds of the action or settlement of the claim if New York State intervenes in the matter (or pursues its claim through any alternate remedy available to New York State, N.Y. State Finance Law § 190(7)) or, alternatively, 30 percent of the proceeds of the action or settlement of the claim, if New York State declines to intervene.

6. That Relator shall be awarded all reasonable expenses that were necessarily incurred in prosecution of this action, plus all reasonable attorneys' fees and costs, as provided by 31 U.S.C. § 3730(d) and/or N.Y. State Finance Law § 189(3) and § 190(7).

7. And, such other relief shall be granted in the favor of the United States, New York State and the Relator as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby

demands trial by jury.

Dated:     New York, New York
           November 10, 2008

Respectfully submitted,

MENZ BONNER & KOMAR LLP

By:         _____

David A. Koenigsberg, Esq.
(DK 7553)
Two Grand Central Tower
140 East 45th Street, 20th Floor
New York, New York 10017-7115
Tel.: (212) 223-2100
*Attorneys for Relator Lois Dorman*

- 15 -